UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIE E. GARRETT, | ) |
|               Plaintiff | ) |
| vs. | ) Case No. 3:10-CV-297 RM |
| PRIME TRANSPORT, INC., DALBO HOLDINGS, INC., DALBO, INC., and KYLE STORY, | ) |
|               Defendants | ) |

## OPINION AND ORDER

This case represents the plaintiff Julie Garrett's fourth attempt to bring an action against the defendants to recover damages for personal injuries sustained in a vehicular accident in Texas in January 2007. Ms. Garrett filed similiar suits in the Western District of Oklahoma, the Northern District of Texas, and the Eastern District of Arkansas. Each of those suits was dismissed. See Garrett v. Prime Transport, Inc., No. 5:08-CV-1138-R, slip op (W.D. Okl. July 23, 2009); Garrett v. Prime Transport, Inc., 2010 WL 1929616 (N.D. Tex. May 11, 2010); Garrett v. Prime Transport, Inc., 2011 WL 1627956 (E.D. Ark. Apri 29, 2011). Dalbo Holdings, Inc.'s, Dalbo, Inc.'s, and Kyle Story's motions to dismiss the

present action under Fed. R. Civ. P. 12(b)(2), (3) and (6) pend before the court.[1] For the following reasons, the court grants the motions.

I. Background

On January 15, 2007, Julie Garrett, an Oklahoma citizen, was involved in a vehicular accident in Fort Worth, Texas, with a semi tractor-trailer driven by Kyle Story, an Arkansas resident. Ms. Garrett filed suit in the Western District of Oklahoma against Mr. Story, Prime Transport, Inc. (an Indiana corporation and the alleged owner of the semi-tractor), Dalbo, Inc. (a Utah corporation, the alleged owner of the trailer, and a "wholly owned subsidiary of Dalbo Holdings, Inc."), and Dalbo Holdings, Inc. (a Delaware corporation with its principal place of business in Utah), seeking damages for the personal injuries she sustained as a result of that accident. The Oklahoma district court dismissed Ms. Garrett's claims against Prime Transport and Mr. Story without prejudice for lack of personal jurisdiction on July 23, 2009, Garrett v. Prime Transport, Inc., No. 5:08-CV-1138-R, Order at 10-13 (W.D. Okl. July 23, 2009), and Dalbo Holdings, Inc. and Dalbo, Inc. were voluntarily dismissed without prejudice three months later. Garrett v. Prime Transport, Inc., No. 5:08-CV-1138-R, Order Nunc Pro Tunc at 3 (W.D. Okl. Oct. 29, 2009).

---

[1] Although the Dalbo defendants' motion is captioned as one under Fed. R. Civ. P. 12(b)(1) (and, alternatively, under 12(b)(6)), it actually challenges personal jurisdiction and venue, not subject matter jurisdiction, which is premised on diversity of citizenship. The court treats their motion as one under Fed. R. Civ. P. 12(b)(2), (3) and (6).

Ms. Garrett filed her second suit against the defendants in the Northern District of Texas on February 22, 2010, seeking damages for personal injuries resulting from the January 2007 collision. The Texas district court found that Texas' two-year statute of limitations barred Ms. Garrett's claims, and dismissed the complaint against Prime Transport, Dalbo Holdings, and Dalbo, Inc. under Fed. R. Civ. P. 12(b)(6).[2] <u>Garrett v. Prime Transport, Inc.</u>, 2010 WL 1929616 (N.D. Tex. May 11, 2010).

On July 22, 2010, Ms. Garrett filed suit against the defendants in both the Eastern District of Arkansas and the Northern District of Indiana. The Arkansas district court found that it had no personal jurisdiction over Prime Transport, Dalbo Holdings, and Dalbo, Inc., and that Ms. Garrett hadn't complied with Fed. R. Civ. P. 4(l) and (m) with respect to service of process on all of the defendants, including Mr. Story, and dismissed the action without prejudice under Fed. R. Civ. P. 12(b)(2) and (5). <u>Garrett v. Prime Transport, Inc.</u>, 2011 WL 1627956 (E.D. Ark. Apr. 29, 2011).

Dalbo Holdings and Dalbo, Inc. have moved to dismiss the current action for lack of personal jurisdiction, improper venue, and failure to state a timely claim. Mr. Story's motion to dismiss for lack of personal jurisdiction and insufficient service of process also pends.

---

[2] The court noted that it hadn't received proof of service of process on Mr. Story, and that he hadn't answered the amended complaint or otherwise appeared in the action, *see* <u>Garrett v. Prime Transport, Inc.</u>, No. 4:10cv122-A, Memorandum Opinion and Order at 3 n.2 (N.D. Texas May 11, 2010), but there's no indication in the record if, or when, the Texas complaint was dismissed as to him.

II. Discussion

A. *Personal Jurisdiction*

When a motion to dismiss in filed under Fed. R. Civ. P. 12(b)(2), the burden is on the plaintiff, as the party seeking to invoke federal jurisdiction, to establish the existence of personal jurisdiction. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 and n. 11 (7th Cir. 2003); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). The court can allow the parties to submit affidavits relating to the motion to dismiss and weigh those affidavits in deciding whether it has personal jurisdiction. *See* Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988); Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983). It also can take judicial notice of matters of public record, including the opinions and orders issued by the district courts in Oklahoma, Texas, and Arkansas. United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991). When the court's decision is based on the submission of written materials, without an evidentiary hearing, "the [plaintiff's] burden of poof is met by a *prima facie* showing that personal jurisdiction is conferred under the relevant jurisdictional statute . . . [and] the party asserting jurisdiction is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." Nelson by Carson v. Park Industries, Inc., 717 F.2d at 1123; *see also* Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 782; Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).

A federal court can exercise personal jurisdiction over a defendant in a diversity case only if a court of the state in which it sits would have such jurisdiction. Citadel Group Ltd. v. Washington Regional Medical Center, 536 F.3d 757, 760 (7th Cir. 2008). "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant," Goodyear Dunlop Tires Operations, S.A. v. Brown, __ S.Ct. __, 2011 WL 2518815 at *6 (U.S. June 27, 2011), and requires that an out-of-state defendant have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" before a court can exercise personal jurisdiction over the defendant. International Shoe Co. v. Washington, 326 U.S. 310, 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Indiana's long-arm statute, Indiana Trial Rule 4.4(A), identifies eight acts that serve as a basis for personal jurisdiction, and provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States," thus merging the two inquiries. *See* Int'l Medical Group, Inc. v. American Arbitration Assn., Inc., 312 F.3d 833, 846 (7th Cir. 2003); Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp., 730 N.E.2d 1227, 1232 (Ind. 2000).

Personal jurisdiction can be specific or general. The court has specific personal jurisdiction when the defendant's contacts with the forum state relate to the subject matter of the lawsuit. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp.,

5

730 N.E.2d at 1234. The inquiry in such cases is whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Goodyear Dunlop Tires Operations, S.A. v. Brown, __ S.Ct. __, 2011 WL 2518815 at *6 (U.S. June 27, 2011) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). "The ultimate constitutional standard for the exercise of specific jurisdiction has been the same since the Supreme Court first abandoned strict territorial jurisdiction: is it fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim?" uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 426 (7th Cir. 2010); see Burger King Corp v. Rudzewicz, 471 U.S. 462, 474 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 317 (1945).

When the cause of action isn't related to the defendant's activities in the forum state, the court may exercise general jurisdiction if the nonresident has had "continuous and systematic" contact with the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. at 414-415; Int'l Medical Group, Inc. v. American Arbitration Assn., Inc., 312 F.3d at 846. "[T]he constitutional requirement for general jurisdiction is 'considerably more stringent' than that required for specific jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 787 (quoting United States v. Swiss American Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)). "[The] contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would

6

be fundamentally fair to require it to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 787 (emphasis in original); *see also*, uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d at 426; Tamburo v. Dworkin, 601 F.3d 693, 701 (7th Cir. 2010).

The complaint alleges:

> 2. That Defendant, Kyle Story, while a citizen and resident of the State of Arkansas, had voluntarily entered into an employment contract with an Indiana corporation, and was on the date of the subject incident acting as an agent, employee, and/or servant of Defendant, Prime Transport, Inc., thereby purposefully availing himself of the laws of the State of Indiana, and therefore this Court has jurisdiction and venue over the Defendant, Kyle Story.
>
> 4. . . . That the Defendant, DALBO, conducts or has conducted business in the State of Indiana and throughout the State of Indiana at relevant times thus giving this Court jurisdiction and venue over the Defendant, Dalbo.[3]

The Dalbo defendants say they lack the minimum contacts with Indiana necessary to support specific or general personal jurisdiction, citing Int'l Medical Group, Inc. v. American Arbitration Assn., Inc., 312 F.3d 833 (7th Cir. 2002), and that venue in the Northern District of Indiana is therefore improper under 28 U.S.C. § 1391. In support of their motion, Dalbo submitted the affidavit of Tony George, the President of Dalbo, Inc., in which Mr. George attests that:

---

[3] Ms. Garrett refers to Dalbo Holdings, Inc. and Dalbo, Inc. collectively as "Dalbo" in her complaint and response brief, but asserts no facts that would warrant exercising personal jurisdiction over one corporate entity based on the other's activities. The defendants didn't object or seek dismissal on that basis, however, so the court, too, will refer to them as Dalbo.

7

(1) Dalbo, Inc. is incorporated under the state laws of Utah with its principal place of business in Vernal, Utah;

(2) Dalbo Holdings, Inc. is incorporated under the state laws of Delaware with its principal place of business in Vernal, Utah;

(3) Neither Dalbo Holdings nor Dalbo, Inc. is licensed to do business, own any real estate, maintain any offices, sell any good, or transact any business in Indiana;

(4) Dalbo, Inc. bought tanker [trailers] from Dragon Products, Inc., out of Beaumont, Texas, which were manufactured in Indiana by Dragon Products;

(5) The purchase of those tankers was negotiated in Texas and Utah;

(6) Neither Dalbo Holdings nor Dalbo, Inc. entered into any agreement with Prime Transport for the transportation of the trailer involved in the January 15, 2007 collision; and

(7) The purchase of the subject trailer from Dragon Products was never completed because the trailer was never delivered to Dalbo, Inc. [Doc. No. 16-5].

Ms. Garrett doesn't dispute the facts asserted in Mr. George's affidavit, and indeed submitted his affidavit and an excerpt from his January 14, 2011 deposition in opposition to the motion to dismiss [Doc. Nos. 40-1 and 40-2].[4] Ms.

---

[4] Ms. Garrett also submitted copies of documents from the Oklahoma case, including her response to a summary judgment motion filed by Prime Transport and

Garrett maintains that Mr. George's affidavit and deposition testimony prove that Dalbo was in the business of renting equipment to the oil and gas industry, that it "regularly procure[d]" tanker-trailers manufactured in Indiana for use in its business, and that the incident giving rise to this action involved the transportation of one of those tanker-trailers. Ms. Garrett concludes that the Dalbo defendants' business activities are related to the underlying action and that the court therefore has specific personal jurisdiction over Dalbo. Citing, *i.e.*, North Texas Steel Co., Inc. v. R.R. Donnelley & Sons Co., 679 N.E.2d 513 (Ind. App. 1997). The court disagrees.

North Texas Steel is factually and legally distinguishable. In that case, the appellate court held that a Texas manufacturer was subject to suit in Indiana for damages sustained in Indiana when the product it manufactured (a storage rack system) collapsed. North Texas Steel Co., Inc. v. R.R. Donnelley & Sons Co., 679 N.E.2d at 519. The exercise of personal jurisdiction over North Texas Steel in Indiana was consistent with federal due process concerns because North Texas Steel specifically manufactured the rack system for a corporation located in Indiana, shipped that system to Indiana with knowledge that it was for use by the plaintiff in Indiana, and had other customers in Indiana, and thus "purposely

---

Kyle Story [Doc. No. 40-3], the court's July 23, 2009 order dismissing Prime Transport and Mr. Story for lack of personal jurisdiction [Doc. No. 40-4], and the October 29, 2009 *nunc pro tunc* order granting Ms. Garrett's request to dismiss her claims against Dalbo Holdings, Inc. and Dalbo, Inc., without prejudice [Doc. No. 40-5]. While the court can, and does, take judicial notice, of matters of public record, United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991), only the later (the *nunc pro tunc* order) relates to the Dalbo defendants' motion to dismiss on statute of limitations grounds.

9

availed itself of the privilege of conducting business in Indiana." Id. at 519-520. The result is consistent with Indiana Trial Rule 4.4(A)(3), which provides that:

> Any person or organization that is a nonresident of this state…submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent: …(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if [it] regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state….

See also Goodyear Dunlop Tires Operations, S.A. v. Brown, __ S.Ct. __, 2011 WL 2518815 at *8 (U.S. June 27, 2011) ("Many States have enacted long-arm statutes authorizing courts to exercise specific jurisdiction over [non-resident] manufactures when the events in suit, or some of them, occurred within the forum state"); J. McIntyre Machinery, Ltd. V. Nicastro, __ S.Ct. __, 2011 WL 2518811 at *6 (June 27, 2011) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum . . ."). Dalbo didn't manufacture the trailer involved in Ms. Garrett's suit, and Dalbo's actions didn't cause personal injury or property damage in Indiana. Mr. George's affidavit and deposition testimony prove only that Dalbo purchased trailers from a Texas company that were manufactured in Indiana, nothing more. "The fact that the commodity causing the plaintiff's injuries had some independent contact with the forum state is a mere coincidence that does not affect the defendant's contacts with the forum." Simpson v. Quality Oil Co., Inc., 723 F.Supp. at 389-390. There is nothing in this record to support a finding

10

that Dalbo had any business contacts with Indiana, or a finding of a substantive connection between the underlying litigation, Dalbo, and the State of Indiana, or any basis for exercising specific personal jurisdiction over Dalbo Holdings and Dalbo, Inc..

Mr. Story's motion to dismiss also challenges the court's personal jurisdiction, as well as the sufficiency of service of process. Mr. Story doesn't dispute that he had a contract with Prime Transport (an agreement to lease his semi-tractor to Prime) at the time of the accident, but contends that the contract alone doesn't satisfy the minimum contacts requirement for specific or general personal jurisdiction in a personal injury action that arose out of an accident in Texas, citing Burger King Corp. v. Rudzewicz, 471 U.S. at 478; Citadel Group Ltd. v. Washington Regional Medical Center, 536 F.3d at 761.

Ms. Garrett concedes that Mr. Story's contract with Prime Transport might not establish the requisite minimum contacts for personal jurisdiction in and of itself, *see* Burger King Corp. v. Rudzewicz, 471 U.S. at 475, but maintains that Mr. Story not only executed the employment contract in Indiana, but routinely called Indiana to get his work orders, received his paychecks from Indiana, mailed work-related documents to Indiana, and registered his semi-tractor here. Ms. Garrett argues that Mr. Story's continuing business contacts and relationship with Prime Transport made it reasonably foreseeable that he would be subject to suit here, as evidenced by his March 25, 2011 deposition testimony [Doc. No. 41-1]. Citing Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 716 (7th Cir. 2002)("'[P]rior

negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' may indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant."). The court must again disagree.

> Hyatt Int'l was a contract case, not a personal injury case.
>
> Personal jurisdiction in breach of contract actions often turns on whether the defendant 'purposefully availed' himself of the privilege of conducting business or engaging in a transaction in the forum state. But where, as here, the plaintiff's claims are for intentional torts, the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state.

Tamburo v. Dworkin, 601 F.3d at 702 (internal citations omitted). Mr. Story's contract with Prime Transport and the incidental contacts related to that contract (the phone calls, mailings, and tag registration) might or might not have subjected him to suit in Indiana for breach of contract, but they aren't relevant or related to the personal injury claims in this case.[5] *See* Simpson v. Quality Oil Co., Inc., 723 F.Supp. 382, 389 (S.D. Ind. 1989) ("a defendant's contacts with the forum will usually have no substantive relevance to a cause of action based on tortious negligence when the tort is committed *outside* of the forum"); Ellenstein v. S. & S. Game Preserve, Inc., 581 F.Supp. 81, 83 (S.D. Ind. 1983) ("insufficient nexus between the jurisdictional facts and the matter in dispute" where cause of action

---

[5] Whether Mr. Story's agreement with Prime Transport contained a choice of law provision is unknown (the agreement wasn't produced), and irrelevant. "[C]hoice of law provisions may be some indication that a defendant purposefully availed itself of the protection of the laws of a particular jurisdiction," in a breach of contract action, Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, (7th Cir. 2003)(citing Burger King, 471 U.S. at 482), but this isn't a breach of contract suit.

12

didn't arise out of defendant's contacts with forum state, but arose out of the alleged negligence of one of defendant's agents/employees in operating a motor vehicle in another state); Oddi v. Mariner-Denver, Inc., 461 F.Supp. 306, 309 (S.D. Ind. 1978) ("if plaintiff's injury does not arise out of an act done in the forum state, then other contacts between the [defendant] and the state must be fairly extensive before burden of defending a suit there may be imposed upon it without offending traditional notions of fair play and substantial justice"). *Compare* Calder v. Jones, 465 U.S. 783, 789-790 (1984) (individual defendants committed an intentional tort outside the forum state, but expressly aimed their misconduct at the forum state).

The complaint and the affidavits and depositions submitted in support of and opposition to the motion to dismiss make clear that Ms. Garrett's injuries didn't arise out of, and were not caused by, any conduct on the part of the Dalbo defendants or Mr. Story that occurred in Indiana.[6]

---

[6] The complaint alleges:
    9. That the Plaintiff, Julie E. Garrett's, resulting bodily injuries and damages are a direct and proximate result of the acts, conduct and/or omissions of the Defendants (PRIME, STORY and/or DALBO or their respective agents, servants, and/or employees)….in one or more of the following particulars:
    a. Operation of a motor vehicle without devoting full time and attention to the operation of a motor vehicle'
    b. Failure to use the steering or braking mechanisms on a motor vehicle so as to avoid the subject collision;
    c. Failure to operate a vehicle in a safe and prudent manner to accommodate the flow of travel on said roadway;
    d. Operating said vehicle a[t] an unsafe rate of speed, or traveling at a rate of speed that was unsafe for road conditions prsent at the time of the subject collision;

Absent specific jurisdiction, the court must decide whether the defendants' contacts with the State of Indiana were "so extensive to be tantamount to [the defendants] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 787 (emphasis in original). Neither Dalbos' nor Mr. Story's contacts with the State of Indiana meet those requirements.

Nothing in this record suggests that the Dalbo defendants ever conducted any business in Indiana, much less the "continuous and systematic" contact required for general personal jurisdiction.

Mr. Story came to Indiana only once to execute the leasing agreement with Prime Transport. His only other physical contact with Indiana has been occasionally driving through the state. That he called Prime Transport for work orders on a weekly basis, and received his paycheck from, and mailed paperwork to, Prime Transport's Indiana office is merely incidental to his contract with Prime, and doesn't establish the continuous and systematic contacts necessary to

---

> e. Failure to allow sufficient space between Plaintiff' vehicle and Defendant's vehicle to make a proper and safe lane change;
> f. Improper and/or unsafe lane change; and/or
> g. Reckless disregard for the rights of others traveling on public roadways;
> h. Failure to recognize and use the proper, heightened standard of care required for the operation/transport of a specialized piece of hazardous oil-field equipment on the public roadway.

exercise general personal jurisdiction in this case. *See* Calder v. Jones, 465 U.S. 783 (1984) ("an employee's contacts with the forum are not to be judged according to his employer's contacts"); Citadel Group Ltd. v. Washington Regional Medical Center, 536 F.3d at 761 (merely fortuitous or attenuated contacts will not suffice); Subacz v. Town Tower Motel Corp., 567 F.Supp. 1308, 1313 (N.D. Ind. 1983) ("something more than placing phone calls or sending mailings into a state is required before one may be compelled to defend oneself there, particularly when the cause of action does not arise from those activities"). That Mr. Story, as part of his job, might drive into Indiana occasionally is far too attenuated a contact to subject him to a personal injury suit in Indiana for an accident that occurred in Texas. *See* Obermeyer v. Gilliland, 873 F.Supp. 153, 158 (C.D. Ill. 1995); Simpson v. Quality Oil Co., 723 F.Supp. 382, 390 (S.D. Ind. 1989).

The burden of proof is on the plaintiff, as the party invoking federal jurisdiction, to establish the existence of personal jurisdiction over the defendants. Ms. Garrett hasn't met that burden. This is a personal injury case arising out of an accident that occurred in Texas and involved citizens of Oklahoma and Arkansas. It's neither fair nor reasonable to call the Dalbo defendants or Mr. Story into court in Indiana to answer a lawsuit for injuries sustained as a result of that accident. Absent personal jurisdiction, venue in the Northern District of Indiana

is improper under 28 U.S.C. 1391. Dismissal is therefore appropriate under Fed. R. Civ. P. 12(b)(2) and (3).[7]

B. *Statute of Limitations*

The Dalbo defendants contends that Ms. Garrett's claims against them are time-barred under Indiana's two year statute of limitations, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Ms. Garrett argues (as she did in the Texas case) that the dismissal of the Dalbo defendants in the Oklahoma case was effectively a dismissal on the merits for lack of personal jurisdiction "in accord with the decision of the [Oklahoma] Court on the adversarial hearing on jurisdiction," and that Indiana's Journey's Account Statute, IND. CODE § 34-11-8-1 "[saves] an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum," even after the statute of limitations has run. Citing Basham v. Penick, 849 N.E.2d 706, 710 (Ind. App. 2006).

IND. CODE § 34-11-8-1 provides in relevant part:

(a) This section applies if a plaintiff commences an action and:

---

[7] Mr. Story also contends that "the process issued and served on [him] was defective." Citing McNeely v. Clayton and Lambert Mfg., 292 F.Supp. 232, 235 (D. Minn. 1968) (effective service of process is conditioned on the validity of the court's assertion of personal jurisdiction over the defendant). Ms. Garrett didn't respond to Mr. Story's sufficiency of service argument, and hasn't filed proof of service, as required under Fed. R. Civ. P. 4(l). Accordingly, dismissal without prejudice also would seem to be appropriate as to Mr. Story under Fed. R. Civ. P. 4(m).

16

>   (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action; . . .
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>   (1) three (3) years after the date of the determination under subsection (a); or
>   (2) the last date an action could have been commenced under the statute of limitations governing the original action;
> and be considered a continuation of the original action commenced by the plaintiff.

The Journey's Account Statute allows continuation of actions through refiling when a plaintiff fails to obtain a decision on the merits for some reason other than plaintiff's own neglect and the statute of limitations expires while the suit is pending, but it doesn't save an action from being time barred when the original action was voluntarily dismissed at the plaintiff's request for the purpose of permitting a refiling in another court. Price v. Wyeth Holdings Corp., 505 F.3d 624 (Ind. 2007); Al-Challah v. Barger Packaging, 820 N.E.2d 670 (Ind. App. 2005); Kohlman v. Finkelstein, 509 N.E.2d 228 (Ind. App. 1987) (properly initiated action that is voluntarily dismissed is not deemed a "failure" withing meaning of the Indiana Journey's Account Statute); Hollins v. Yellow Freight System, Inc., 590 F.Supp. 1023 (N.D. Ill. 1984) (under Indiana law voluntary dismissal leaves parties as if suit had never been brought, so pendency of such a suit doesn't toll statute of limitations); Ferdinand Furniture Co., Inc. v. Anderson, 399 N.E.2d 799 (Ind. App. 1980).

Basham v. Penick, 849 N.E.2d 706 (Ind. App. 2006), the only authority Ms. Garrett cites in support of her argument, doesn't hold otherwise. In Basham, a

Kentucky motorist brought suit against an Indiana driver in Kentucky for injuries arising from a car accident in Indiana. The Kentucky suit was dismissed for lack of jurisdiction, and the Kentucky motorist refiled in Indiana after the two-year statute of limitations had run. The trial court granted the defendant's motion for judgment on the pleadings on limitations grounds, but the appellate court reversed, holding that Indiana's Journey's Account Statute applied and saved the Kentucky motorist's suit because the original action was dismissed for lack of jurisdiction. Basham v. Penick, 849 N.E.2d at 709-713.

Ms. Garrett would have the court "make believe" (as the Texas court put it) that the voluntary dismissal of her claims against the Dalbo defendants in the Oklahoma case actually was a dismissal for lack of personal jurisdiction. It was not. Prime Transport was dismissed for lack of personal jurisdiction on July 23, 2009, but Ms. Garrett voluntarily dismissed her claims against the Dalbo defendants, as shown by the Oklahoma court's October 29, 2009 order, leaving those parties in the same position as if suit had never been brought, and precluding application of Indiana's savings clause as a basis for tolling the statute of limitations. *See* Hollins v. Yellow Freight System, Inc., 590 F.Supp. at 1027; Board of Commisoners of Cass County v. Nevitt, 448 N.E.2d 333, 339 n.5 (Ind. App. 1983); Burnett v. Camden, 254 N.E.2d 199, 357-358 (Ind. 1970). The Journey's Account Statute is inapplicable, and Ms. Garrett has asserted no other grounds for tolling Indiana's two-year statute of limitations. Ms. Garrett's claims

against the Dalbo defendants would be time barred under IND. CODE § 34-11-2-4, even if the court had personal jurisdiction.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS the motions to dismiss defendants Dalbo Holdings, Inc., Dalbo, Inc., and Kyle Story [Doc. Nos. 15 and 17].

SO ORDERED.

ENTERED:   July 5, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court