UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIE E. GARRETT, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 3:10-CV-297 RM |
| PRIME TRANSPORT, INC., *et al.,* | ) |
| Defendants | ) |

OPINION AND ORDER

This case is plaintiff Julie Garrett's fourth attempt to bring an action against Dalbo Holdings, Inc., Dalbo, Inc., Kyle Story, and Prime Transport, Inc., to recover damages for personal injuries sustained in a vehicular accident in Texas in January 2007. Ms. Garrett filed similar suits in the Western District of Oklahoma, the Northern District of Texas, and the Eastern District of Arkansas. The Oklahoma case was dismissed without prejudice for lack of personal jurisdiction. Garrett v. Prime Transport, Inc., No. 5:08-CV-1138-R, slip op (W.D. Okl. July 23, 2009). The Texas case was barred by Texas' two-year statute of limitations and was dismissed under Fed. R. Civ. P. 12(b)(6), Garrett v. Prime Transport, Inc., 2010 WL 1929616 (N.D. Tex. May 11, 2010), and the Arkansas case was dismissed for lack of personal jurisdiction and insufficient service of process under Fed. R. Civ. P. 12(b)(2) and (5), Garrett v. Prime Transport, Inc., 2011 WL 1627956 (E.D. Ark. Apri 29, 2011). Dalbo Holdings, Inc., Dalbo, Inc., and Kyle Story were dismissed from this suit in July 2011, leaving Prime

Transport as the only remaining defendant. Prime Transport's unopposed motion for judgment on the pleadings under FED. R. CIV. P. 12(c) pends before the court. For the following reasons, the court grants the motion.

Prime Transport contends that Indiana's two-year statute of limitations, IND. CODE § 34-11-2-4, bars Ms. Garrett's claims against it, and that the Journey's Account Statute, IND. CODE § 34-11-8-1, isn't applicable because the earlier dismissals were the result of negligence in the prosecution of those cases and because this case can't be considered a "continuation" of the original action in Oklahoma.[1] Ms. Garrett was granted an extension of time to respond to Prime Transport's Rule 12(c) motion, but never filed a response.

"Although the statute of limitations is an affirmative defense, [Ms. Garrett], as the plaintiff, has the burden of establishing an exception to the statute." McCall ex rel. Estate of Bess v. U.S., 310 F.3d 984, 987 (7th Cir. 2002). The complaint against Prime Transport was filed more than three and a half years after the

---

[1] Indiana's Journey Accounts Statute, IND. CODE § 34-11-8-1 provides as follows:
(a) This section applies if a plaintiff commences an action and:
    (1) the plaintiff fails in the action from any cause except
    negligence in the prosecution of the action; . . .
(b) If subsection (a) applies, a new action may be brought not later than the later of:
    (1) three (3) years after the date of the determination under
    subsection (a); or
    (2) the last date an action could have been commenced under the
    statute of limitations governing the original action;
and be considered a continuation of the original action commenced by the plaintiff.

The statute allows continuation of actions through refiling when a plaintiff fails to obtain a decision on the merits for some reason other than plaintiff's own neglect and the statute of limitations expires while the suit is pending. *See* Price v. Wyeth Holdings Corp., 505 F.3d 624 (Ind. 2007); Basham v. Penick, 849 N.E.2d 706 (Ind. App. 2006).

accident, and is barred by Indiana's two-year statute of limitation, unless Mr. Garrett can assert viable grounds of tolling the statute. She hasn't done that or taken any other substantive action in this case since April 14, 2011.[2] Dismissal is therefore appropriate under Fed. R. Civ. P. 12(c).[3]

Accordingly, Prime Transport's motion for judgment on the pleadings [Doc. No. 51] is GRANTED, and the complaint is DISMISSED with prejudice as to Prime Transport.

SO ORDERED.

ENTERED:   February 8, 2012

　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　United States District Court

---

[2] The only activity generated on the plaintiffs' side of the case since April 2011 was a September 27 motion for extension of time to file a response to Prime Transport's Rule 12(c) motion [Doc. No. 55], and an October 2011 motion to withdraw by local counsel [Doc. No. 57].

[3] Prime Transport made a cursory request for attorney fees in its memorandum in support of the motion for judgment on the pleadings, but provided no authority for awarding fees in this case. The court therefore declines to make such an award.